SPENCER O. FISHER ET AL. v. MARQUETTE CIRCUIT JUDGE.

*Cross-replevin.*

A motion to quash the writ of replevin in a cross-suit is not the proper procedure for getting rid of the cross-action. The second proceeding may be shown in bar of the first, or the defendant in the cross-writ can plead in abatement if he wishes to raise the question at the outset.

Mandamus. Submitted Nov. 3. Granted Nov. 18.

*W. P. Healy* and *Isaac Marston* for relator.

*F. O. Clark* for respondent.

CHAMPLIN, J. On September 16th, 1885, the relators Spencer O. Fisher, Albert A. Crane and Frederick Cole, copartners, doing business at Bay City, Michigan, under the firm name of West Bay City Manufacturing Company, commenced an action of replevin in the circuit court for Marquette county against Arthur Hill, William C. Busch, Eben N. Briggs and Edward R. McCarty, defendants, to recover

possession of 1,195,000 feet of pine saw-logs. The writ of replevin by which said suit was commenced was regular in form. Annexed to the writ was an affidavit, and before the writ was executed the plaintiffs delivered to the sheriff a bond of indemnity.

The writ was duly served on two of the defendants, Busch and Briggs; the other defendants, Hill and McCarty, not being found. The property specified in the writ was replevied from defendants and delivered to plaintiffs upon the execution of the required bond. On the 25th day of September, 1885, the defendant Busch appeared specially in the cause, and entered a special motion to supersede and quash the writ of replevin so issued in favor of Fisher, Crane and Cole, for the reason that a prior writ of replevin had been sued out and executed in favor of Busch as sole plaintiff against Fisher, one of the plaintiffs in this suit, and Nestor and Burtis for the same property.

The defendants alleged that the writ against them ought to be quashed, because it was a cross-writ of replevin. The motion was based upon the affidavits of Busch, which identified the plaintiff Fisher as the same person as the defendant Fisher in the first writ and the files and entries in the replevin suits. The circuit judge, on the hearing, became satisfied that the second suit was a cross-replevin, and therefore irregular, and entered an order quashing the writ. The relators ask for a mandamus to compel the circuit judge to vacate this order.

We do not feel called upon to review the conclusions of the circuit judge as to this being a case of cross-replevin, for whether it be so or not we are all agreed that the second writ cannot be superseded or quashed for that reason, on motion. It may be shown in bar of the first suit; or if the defendants in the second writ desire to raise the question at the outset, it can only be done by a plea in abatement. We have examined the authorities cited in support of the action of the circuit court, and it appears that the course pursued by him is not without precedent; but we are of opinion that the better practice is to raise the question by plea in abatement at this stage of the proceedings. In this way all the facts

are spread upon the record, and if any error should intervene, it can be remedied by the writ of error. This is all that need be said at this time.

The mandamus must issue as prayed.

The other Justices concurred.